Hillsborough-southern judicial district
No. 2006-333

THE STATE OF NEW HAMPSHIRE

v.

SEAN D. BROWN

Argued: October 25, 2007
Opinion Issued: November 30, 2007

*Kelly A. Ayotte*, attorney general (*Jeffrey S. Cahill*, senior assistant attorney general, on the brief and orally), for the State.

*Theodore Lothstein*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

GALWAY, J. The defendant, Sean Brown, appeals his conviction on four counts of sale of a narcotic drug in violation of RSA 318-B:2 (2004) following a jury trial in Superior Court (*Groff*, J.). We reverse and remand.

The record supports the following. On January 21, 2005, Officer Kevin Collins, working for the Narcotics Intelligence Division of the Nashua Police Department, arranged to have a person cooperating with the police purchase drugs from the defendant in a hand-to-hand sale. Collins arranged for observation of similar controlled buys at different locations between the cooperating person and the defendant on January 24, January 28, and February 9.

On February 23, 2005, Detective Joseph Molinari, an undercover police officer for the Narcotics Intelligence Division, solicited a second person to purchase heroin for him from the defendant. That person met with the defendant at Molinari's request again on March 7.

The defendant was indicted by a grand jury on four counts of sale of a narcotic drug under RSA 318-B:2 and two counts of conspiracy to commit sale of narcotic drug under RSA 629:3 (2007). Over the defendant's objections, all charges were consolidated for trial. A jury found the defendant guilty of the four sale charges; the conspiracy charges were dismissed at the end of the trial.

On appeal, the defendant argues that the trial court erred in joining the charges leveled against him. We will uphold the trial court's decision not to sever the charges unless we conclude that the decision constitutes an unsustainable exercise of discretion. *State v. Ramos*, 149 N.H. 118, 120 (2003). To show that the trial court's decision is unsustainable, the defendant must demonstrate that the ruling was clearly untenable or unreasonable to the prejudice of his case. *Id.*

■ The defendant has an absolute right to sever unrelated charges. *State v. McIntyre*, 151 N.H. 465, 466 (2004). Unrelated offenses are those that are not related. *Ramos*, 149 N.H. at 128. Related offenses are those that are based upon the same conduct, a single criminal episode, or a common plan. *Id.* The only issue on appeal is the trial court's consolidation of the charges based upon the existence of a common plan.

■ The distinguishing characteristic of a common plan is the existence of a true plan in the defendant's mind that includes the charged crimes as stages in the plan's execution. *McIntyre*, 151 N.H. at 467. That a sequence of acts resembles a design when examined in retrospect is not enough; the prior conduct must be intertwined with what follows, such that the charged acts are mutually dependent. *Id.*

■ The State contends that the following facts support the trial court's finding that the defendant had a common plan: the defendant followed a strict routine for selling heroin in that buyers always contacted the defendant by telephone, the defendant always conducted exchanges at locations that were close to each other, and the defendant always requested cash. The fact that the sales all took place under similar circumstances is not sufficient; acts must be intertwined such that they are mutually dependent in order to be considered part of a common plan. *Id.*

The State contends that this case is similar to *State v. Schonarth*, 152 N.H. 560 (2005). In that case, Schonarth was charged with numerous counts of theft by deception for repeatedly stealing from an elderly victim, Emerson. *Schonarth*, 152 N.H. at 562. First, Schonarth received financing from Emerson for property that Emerson was trying to sell and then falsely informed Emerson that he had obtained a mortgage. *Id.* at 561. When this alleged loan did not close, Schonarth told Emerson that Providian Bank had purchased the mortgage company and that Providian would now provide Schonarth with a mortgage. *Id.* Schonarth subsequently asked Emerson periodically for funds to satisfy requirements Schonarth alleged that Providian had imposed on the mortgage, despite the fact that Schonarth never applied for a mortgage at all. *Id.* Schonarth then asked Emerson for funds to pay for various

expenses, all of which in some way related to Schonarth's ability to acquire a mortgage. *Id.*

We ruled that, "[v]iewed objectively, the defendant's actions demonstrated a prior design that included the charged acts as part of its consummation." *Id.* at 562. We noted that Schonarth engaged in "increasingly grandiose schemes connected to [his] alleged desire to repay his debt to the victim." *Id.* We are not persuaded that such a prior design with mutually dependent acts exists in the instant case.

The defendant in *Schonarth* developed an elaborate plan to defraud a single elderly victim of money based upon a single premise of financing for property. Each time Schonarth attempted to defraud his victim, his success was dependent on his previous schemes such that the acts were so intertwined as to be mutually dependent. Schonarth was not merely taking advantage of opportunities as they arose; he exhibited forethought and premeditation in his scheming. The defendant in this case, unlike Schonarth, was not targeting any one individual. The defendant did not formulate a plan that was dependent upon the success of each sale; he merely took advantage of opportunities as they arose. In fact, each of the sales could have taken place independently of all the others, demonstrating that the sales were not so intertwined as to be mutually dependent.

We find this case similar to *Petition of State of N.H. (State v. San Giovanni)*, 154 N.H. 671 (2007). The defendants in that case were charged with multiple counts of theft by deception involving several victims. *San Giovanni*, 154 N.H. at 673. The defendants operated St. Jude's Residence, which they marketed as a drug and alcohol treatment center. *Id.* at 672. Some patients who gave money to the defendants for services from St. Jude's alleged that the defendants had obtained their money by creating false impressions about St. Jude's services. *Id.* at 673. The State sought to join fifteen of these complaints made by fifteen different victims, alleging a common plan by the defendants. *Id.* The trial court found that the defendants' actions were not part of a common plan because "[t]he defendants could have committed their alleged conduct as to one victim, but not to another, and still succeeded as to the first." *Id.* at 674. We upheld the trial court's decision, noting that "[h]ere, we have discrete offenses committed against multiple victims." *Id.* at 676.

The acts of the defendants in *San Giovanni* were not mutually dependent because each theft was a discrete event with a different victim. Unlike *Schonarth*, the success of each theft had no bearing upon the success of any other theft. Similarly, in the instant case, each of the sales committed by the defendant was a discrete event and involved different people. The success of any individual sale did not depend upon the success of any other sale. Since the acts were not so intertwined as to be mutually

dependent, there can be no common plan and joinder of the offenses was error.

The State argues that even if joinder of the charges was improper, the error was harmless. It is well settled that error is harmless only if it is determined, beyond a reasonable doubt, that the verdict was not affected by the error. *State v. Abram*, 153 N.H. 619, 628 (2006). The State bears the burden of proving that an error was harmless. *Id.* The State argues that the evidence presented at trial would have been admissible in hypothetical, separate trials under New Hampshire Rule of Evidence 404(b) and, therefore, any error in joining these charges was harmless.

 Under Rule 404(b), evidence of other crimes, wrongs or acts is inadmissible unless: (1) it is relevant for a purpose other than to show the defendant's bad character or disposition; (2) there is clear proof that the defendant committed the other crimes or acts; and (3) prejudice to the defendant does not substantially outweigh the probative value of the evidence. *State v. Smalley*, 151 N.H. 193, 196 (2004). The State bears the burden of demonstrating the admissibility of the prior bad acts. *Id.* In order to meet its burden under the first prong, the State is required to specify the "purpose for which the evidence is offered and ... articulate the precise chain of reasoning by which the offered evidence will tend to prove or disprove an issue actually in dispute, without relying upon forbidden inferences of predisposition, character, or propensity." *Id.* (quotation omitted). The State contends that the evidence of the other crimes would be relevant for the purpose of showing knowledge and intent as well as identity.

 While the State argues that the evidence of the other drug sales could be used to prove the defendant's knowledge and intent, as well as identity, the State has failed to articulate "the precise chain of reasoning" upon which it bases this conclusion. The State concludes, without any explanation from the record, that the evidence could be used for this non-propensity purpose and that the prejudice to the defendant would not substantially outweigh the probative value of the evidence. We conclude that the State has not met its burden to show how this evidence is relevant to show knowledge, intent or identity, without relying upon forbidden inferences of predisposition or propensity. *See United States v. Garcia-Rosa*, 876 F.2d 209, 221 (1st Cir. 1989), *judgment vacated in part sub. nom. by Rivera-Feliciano v. United States*, 498 U.S. 954 (1990).

 Without proving that the evidence could be used for a non-propensity purpose, the State has failed to show that the evidence could be admitted in separate trials under Rule 404(b). Since the State has failed to

show that the evidence could be admitted under Rule 404(b) at separate trials, the State has failed to prove beyond a reasonable doubt that the verdict was not affected by the trial court's error.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.